Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Guru Denim, Inc.*

**NOTE CHANGES MADE BY THE COURT**

FILED
CLERK, U.S. DISTRICT COURT
OCT 17 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation dba TRUE RELIGION BRAND JEANS,<br><br>                Plaintiff,<br>vs.<br><br>TRI-STAR TRADING, INC., a New York Corporation; JENUINE, an unknown business entity; JC & JQ, INC., a California Corporation; JAE O. HA, an individual; and DOES 1-10, inclusive,<br><br>                Defendants. | CASE NO. CV 12-02163 GHK (AGRx)<br><br>[~~PROPOSED~~] ORDER RE CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AS TO DEFENDANT JENUINE |

    WHEREAS Plaintiff Guru Denim, Inc. dba True Religion Brand Jeans and Defendant **Jenuine** have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendant, having agreed to consent to the below terms, it is hereby *as between plaintiff & defendant Jenuine only*:

    **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

    1.    This Court has jurisdiction over the parties to this Final Consent Decree and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

    2.    Plaintiff is the owner of the trademark registrations for word marks "TRUE RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations

include but are not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797), as well as various composite trademarks comprising said word marks and assorted design components (collectively "True Religion Marks").

3. True Religion's "U" marks, are well-known and highly recognized. True Religion has used the "U" marks in association with the sale of goods, including jeans, jackets, and shorts, since as early as 2002. One of the "U" marks was registered at the U.S Patent and Trademark office in 2006. Since then, True Religion has used various composites and variations of the "U" marks on its goods, most of which have been registered with the United States Patent and Trademark Office. Registrations for the "U" marks include, but are not limited to the following (collectively "True Religion's "U" Marks").



(U.S. Reg. No. 3,561,466)



(U.S. Reg. No. 3,147,244)



(U.S. Reg. No. 3,482,001)



(U.S. Reg. No. 3,568,127)

4. Plaintiff has alleged that Defendant engaged in purchase, importation, distribution, advertisement, offering for sale, and sale of products which infringe upon True Religion's "U" Marks, such engagement constituting trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act, and under the common law.

5.  Defendant and its agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Consent Decree are hereby permanently restrained and enjoined from infringing upon Plaintiff's trademarks either directly or contributorily in any manner, including:

(a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing goods bearing a mark or feature identical and/or confusingly similar to the True Religion Marks, without Plaintiff's permission, license or authorization;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner any products bearing marks identical and/or confusingly similar to Plaintiff's True Religion Marks, without Plaintiff's permission, license or authorization;

(c) Using the True Religion Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendant's products are connected with Plaintiff or Plaintiff's genuine merchandise, without Plaintiff's permission, license or authorization;

(d) Committing any other acts calculated to cause purchasers to believe that Defendant's products are Plaintiff's genuine merchandise or associated with Plaintiff in any way, without Plaintiff's permission, license or authorization;

(e) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

6.  Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

7. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to **Defendant Jenuine**.

9. The Court hereby expressly directs entry of this judgment as against defendant Jenuine pursuant to FRCP 54(b) upon our express determination that there is no just reason for delay in the entry of this judgment.

IT IS SO ORDERED.

DATED: 10/17, 2012

Hon. George H. King
**United States District Judge**