Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Guru Denim, Inc.*

FILED
CLERK, U.S. DISTRICT COURT
MAY 15 2013
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation dba TRUE RELIGION BRAND JEANS,<br><br>Plaintiff,<br>vs.<br><br>TRI-STAR TRADING, INC., a New York Corporation; JENUINE, an unknown business entity; JC & JQ, INC., a California Corporation; JAE O. HA, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 12-02163 GHK (AGRx)<br><br>[~~PROPOSED~~] CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AS TO DEFENDANTS STREET DENIM, INC. and YOUSEF ALTHKEFATI |

WHEREAS Plaintiff Guru Denim, Inc. dba True Religion Brand Jeans and **Defendants Street Denim, Inc. and Yousef AL THKEFATI** ~~Althkefati~~ (sued as "Youseff Althefuti") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among these ~~the~~ parties hereto only that:

1. This Court has jurisdiction over the parties to this Final Consent Decree and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

1

[PROPOSED] CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL

2. Plaintiff is the owner of the trademark registrations for word marks "TRUE RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations include but are not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797), as well as various composite trademarks comprising said word marks and assorted design components (collectively "True Religion Marks").

3. True Religion's "U" marks are well-known and highly recognized. True Religion has used the "U" marks in association with the sale of goods, including jeans, jackets, and shorts, since as early as 2002. One of the "U" marks was registered at the U.S Patent and Trademark office in 2006. Since then, True Religion has used various composites and variations of the "U" marks on its goods, most of which have been registered with the United States Patent and Trademark Office. Registrations for the "U" marks include, but are not limited to the following (collectively "True Religion's "U" Marks").



(U.S. Reg. No. 3,561,466)



(U.S. Reg. No. 3,147,244)



(U.S. Reg. No. 3,482,001)



(U.S. Reg. No. 3,568,127)

4. Plaintiff has alleged that Defendants' purchase, importation, distribution, advertisement, offering for sale, and sale of products which infringe upon True

Religion's "U" Marks constitute trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act, and under the common law.

5. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Consent Decree are hereby permanently restrained and enjoined from infringing upon Plaintiff's trademarks either directly or contributorily in any manner, including:

(a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing goods bearing a mark or feature identical and/or confusingly similar to the True Religion Marks;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner any products bearing marks identical and/or confusingly similar to Plaintiff's True Religion Marks;

(c) Using the True Religion Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise;

(d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine merchandise or associated with Plaintiff in any way *if they are not*  ̰

(e) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

6. Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

7. The execution of this Consent Decree shall serve to bind and obligate the parties hereto.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved *+ dismissed* with prejudice as to Defendants Street Denim, Inc. and Youseff Althefuti.

**IT IS SO ORDERED.**

DATED: 5/14, 2013

_____
Hon. George H. King
**United States District Judge**